UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAD G. DUMONT,

    Plaintiff,

vs.                                                      Case No. 05-CV-70663
                                                      HON. GEORGE CARAM STEEH

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION (#19)
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#13)
DENYING PLAINTIFF'S MOTION TO FOR SUMMARY JUDGMENT (#16) AND
DISMISSING PLAINTIFF'S CLAIMS

    This matter is before the court on the parties' cross-motions for summary judgment as to plaintiff Brad Dumont's claim for judicial review of the denial of his November 27, 2001 application for disability benefits. The matter was referred to Magistrate Judge Steven Pepe, who issued a 17-page Report and Recommendation on January 31, 2006 recommending that defendant's motion for summary judgment be granted, that plaintiff's motion for summary judgment be denied, and that plaintiff's claim be dismissed. Plaintiff filed timely objections on February 15, 2006. See 28 U.S.C. § 636(b)(1); E.D. Mich. L.R. 72.1(d)(2).

**I. Background**

    Plaintiff's claim for disability benefits based on pancreatitis, diabetes, degenerative disk disease, and carpal tunnel syndrome was denied at Step Five following an administrative hearing before ALJ John Ransom. A determination of ineligibility at Step Five requires the Commissioner to show by substantial evidence that the claimant was able

to perform specific jobs available in the economy.  See Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 238 (6th Cir. 2002).  ALJ Ransom's decision rested upon Vocational Expert ("VE") Pauline McEachin's answers to hypothetical questions: (1) plaintiff would be able to perform light sedentary work with a sit/stand option and other limitations, thus making plaintiff able to perform specific available jobs of information clerk, visual inspector, cashier, sorter, identification clerk, visual inspector, and video surveillance monitor; and (2) plaintiff would not be able to perform these same jobs, or return to his past relevant work as a car salesman if, as plaintiff claimed at the administrative hearing, he needed to lie down three hours a day during his waking hours due to pain and fatigue.  ALJ Ransom found plaintiff's claimed need to lie down three hours during the day not fully credible and denied his claim for benefits.

    In adjudicating the competing motions for summary judgment, Magistrate Judge Pepe addressed ALJ Ransom's credibility assessment, first noting that the ALJ expressly recognized his responsibility to "consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 CFR § 404.1529, and Social Security Ruling 96-7p."  R&R, at 14 (quoting R. at 20) (emphasis omitted).  Magistrate Judge Pepe continued by concluding that plaintiff's claimed need to lie down three hours a day was supported only by plaintiff's testimony, in contrast to other record evidence: (1) no doctor had stated in the record that plaintiff needed to lie down to relieve pain and fatigue; (2) plaintiff testified he took care of two minor children at home while his wife was at work; (3) plaintiff's diabetes was under control; (4) plaintiff's pancreatitis did not pose significant functional limitations; and (5) neither plaintiff's degenerative disc disease nor carpel tunnel syndrome required surgery.  Magistrate Judge Pepe thus recommends granting defendant's motion for summary judgment based on VE McEachin's answer that

2

plaintiff would be able to perform specific jobs if, as ALJ Ransom determined, plaintiff did not need to lie down for three hours during the day.

## II. Objections and Analysis

Plaintiff Dumont objects that: (1) ALJ Ransom and Magistrate Judge Pepe ignored the factors set forth in 20 C.F.R. § 404.1529 which were to be considered in assessing plaintiff's credibility; and (2) the ALJ's determination that plaintiff cannot perform his past relevant work due to a need to lie down is inconsistent with the credibility assessment that plaintiff does not need to lie down for three hours during the day. "A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

An individual may obtain review of any final decision made by the Commissioner of Social Security, after a hearing, by filing an action in federal district court. See 42 U.S.C. § 405(g). The court may affirm, modify, or reverse the Commissioner's decision, with or without remand. Id. Findings of fact by the Commissioner are conclusive if supported by substantial evidence. Id. The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).

### A. Credibility and 20 C.F.R. § 404.1529

"In evaluating complaints of pain, an ALJ may properly consider the credibility of the claimant." Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997). 20 C.F.R. § 404.1529(c)(3) sets forth several relevant factors that will be considered in evaluating complaints of debilitating symptoms such as pain: daily activities; the location,

3

duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; treatment other than medication received for relief of pain or other symptoms; measures used to relieve pain or other symptoms; and any other factors concerning functional limitations and restrictions due to pain or other symptoms.

Consideration of these factors is explained within the body of § 404.1529(c)(3):

> Consideration of other evidence. Since symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, we will carefully consider any other information <u>you may submit about your symptoms</u>. <u>The information that you, your treating or examining physician or psychologist, or other persons provide about your pain or other symptoms</u> (e.g., what may precipitate or aggravate your symptoms, what medications, treatments or other methods you use to alleviate them, and how the symptoms may affect your pattern of daily living) is also an important indicator of the intensity and persistence of your symptoms. Because symptoms, such as pain, are subjective and difficult to quantify, <u>any symptom-related functional limitations and restrictions which you, your treating or examining physician or psychologist, or other persons report</u>, <u>which can reasonably be accepted as consistent with the objective medical evidence and other evidence</u>, will be taken into account as explained in paragraph (c)(4) of this section in reaching a conclusion as to whether you are disabled. We will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating, examining or consulting physician or psychologist, and observations by our employees and other persons. Section 404.1527 explains in detail how we consider and weigh treating source and other medical opinions about the nature and severity of your impairment(s) and any related symptoms, such as pain.

(emphasis added). As further explained in the following section (c)(4):

> We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled. We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your medical history, the medical signs and laboratory findings, and statements by your treating or examining physician or psychologist or other persons about how your symptoms affect you. Your symptoms, including pain, will be determined to diminish your capacity for basic work activities to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the

>objective medical evidence and other evidence.

20 C.F.R. § 404.1529(c)(4).

Plaintiff's objection is without merit in failing to articulate what *evidence* other than his own testimony was "ignored" by ALJ Ransom or Magistrate Judge Pepe in determining that plaintiff's claimed need to lie down for three hours during the day was not credible. In objecting, plaintiff fails to draw the court's attention to record evidence of his daily activities (plaintiff testified he does "nothing"), the location, duration, frequency, and intensity of pain or other symptoms, precipitating and aggravating factors, the type, dosage, effectiveness, and/or side effects of any medication he takes to alleviate pain, treatment other than medication received for relief of pain or other symptoms, or measures used to relieve pain or other symptoms that were simply ignored by ALJ Ransom. These evidentiary factors are subject to consideration once the claimant, his treating or examining physician, or other person submits information relative to these factors consistent with the objective medical evidence and other record evidence. 20 C.F.R. § 404.1529(c-d). As here, however, "[a]n individual's statements as to 'pain or other symptoms will not alone establish that [he is] disabled.'" Walters, 127 F.3d at 531 (quoting 20 C.F.R. § 404.1529(a)). The ALJ also properly considered that no doctor stated in the record that plaintiff needed to lie down for three hours a day to relieve pain and fatigue; (2) plaintiff testified he took care of his two minor children during the day; (3) plaintiff's diabetes was under control; (4) plaintiff's pancreatitis did not pose significant functional limitations; and (5) plaintiff's degenerative disc disease and carpel tunnel syndrome do not require surgery.

An ALJ's determination of credibility is to be accorded great weight and deference. Id. With respect to ALJ Ransom's appropriate assessment of credibility, this court "'may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.'" Id. (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)). VE

5

McEachin's answer to ALJ Ransom's accurate hypothetical question constitutes "substantial evidence" on which the ALJ could rely in denying plaintiff's claim for benefits. See Howard, 276 F.3d at 239 (quoting Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir. 1987)).  Where substantial evidence supports the ALJ's decision, this court must affirm and "may not even inquire whether the record could support a decision the other way."  Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir. 1989).

### B. Consistency

Plaintiff's objection that the denial of his claim for benefits is inconsistent with ALJ Ransom's finding that plaintiff could not return to his past relevant work is not well taken. The court does not construe ALJ Ransom's conclusion that plaintiff could not return to his past relevant work to be based on a finding that plaintiff must lie down three hours during the day.

### VI. Conclusion

Plaintiff's objections are hereby OVERRULED. The court hereby ACCEPTS Magistrate Judge Pepe's January 31, 2006 Report and Recommendation.  Defendant Commissioner of Social Security's motion for summary judgment is hereby GRANTED. Plaintiff Brad Dumont's 's motion for summary judgment is hereby DENIED.  Plaintiff's claims are hereby DISMISSED.

SO ORDERED.

        s/George Caram Steeh  
        GEORGE CARAM STEEH  
        UNITED STATES DISTRICT JUDGE

Dated:  March 1, 2006

```
```
Sorry for delay.

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 1, 2006, by electronic and/or ordinary mail.

                                                       s/Josephine Chaffee
                                                       Secretary/Deputy Clerk